UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:12-cr-313-T-23TGW
     8:14-cv-1507-T-23TGW

VINCENT ANTHONY CONGUISTI
_____/

**O R D E R**

Conguisti's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for conspiracy to distribute and to possess with the intent to distribute fifty grams or more of methamphetamine. In 2012 Conguisti pleaded guilty with the benefit of a plea agreement. In 2013 Conguisti's presentence report calculated an imprisonment range of 262 – 327 months. However, after granting both Conguisti's request for a departure under §5K2.13, which reduced his sentencing range by two levels, and the United States' motion to recognize Conguisti's substantial assistance, which reduced his sentencing range by three levels, Conguisti was sentenced to 151 months. In his motion to vacate Conguisti mistakenly believes that his career offender sentence is invalid under the retroactive application of *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013). Conguisti waived his right to challenge the calculation of his sentence, the motion to vacate is time-barred, and *Descamps* is not afforded retroactive application.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'").

Conguisti waived the right to challenge the calculation of his sentence when he "expressly waive[d] the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range . . . ." (Doc. 29 at 14, ¶ 5)  The appeal waiver is routinely enforced. *See, e.g., United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993) ("We hold, therefore, that in most circumstances a defendant's knowing and voluntary waiver of the right to appeal his sentence will be enforced by this circuit."), *cert. denied* 513 U.S. 1051 (1994); *United States v. Buchanan*, 131 F.3d 1005, 1009 (11th Cir. 1997)

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

("Notwithstanding Buchanan's explicit reservation of the right to argue his position about that issue at sentencing, a right that he exercised, the issue was not exempted from the appeal waiver. We enforce the appeal waiver according to its terms."); *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir.) ("An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error."), *cert. denied*, 544 U.S. 1041 (2005); *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005) ("[T]he right to appeal a sentence based on *Apprendi/Booker* grounds can be waived in a plea agreement. Broad waiver language covers those grounds of appeal."). As a consequence, Conguisti's motion to vacate is precluded because he waived his right to challenge the calculation of his sentence.

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Conguisti's sentence became final in March, 2013, and his limitation expired one year later without a timely-filed Section 2255 motion to vacate. Conguisti's motion to vacate, which he filed in June, is three months late. As a consequence, his motion to vacate is untimely under Section 2255(f)(1).

Providing his *pro se* motion to vacate a generous interpretation, Conguisti asserts entitlement to relief under Section 2255(f)(3), which establishes a limitation of one year from "the date on which the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Descamps* affords Conguisti no new limitation even though he moves to vacate his sentence within one year of that decision. To qualify for another limitation under Section 2255(f)(3), the Supreme Court's decision must establish a new right. *Descamps* did not establish a new right and courts have regularly rejected retroactively applying *Descamps*. *See, e.g., Nipper v. Warden, FCC-Coleman*, 2015 WL 106855, *2 (11th Cir. January 8, 2015) ("Neither the Supreme Court nor this Court has held that *Descamps* applies retroactively on collateral review. Beyond that, *Descamps* was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review."); *Wilson v. Warden, FCC-Coleman*, 581 Fed. App'x 750, 753 (11th Cir. 2014)[2] ("The Supreme Court itself has not expressly declared *Descamps* to be retroactive to cases on collateral review. Moreover, *Descamps* was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review."). *See also Whittaker v. Chandler*, 574 Fed. App'x 448 (5th Cir. 2014) (holding that *Descamps* entitles a petitioner no relief under Section 2241 and the "savings clause" of Section 2255); *Groves v. United States*, 755 F.3d 588, 593 (7th Cir.) ("We cannot say that counsel's performance 'fell below an objective standard of reasonableness,' because counsel failed to anticipate *Descamps* and future Seventh Circuit case law clarifying the application of § 4B1.2(a)(2)."), *cert. denied*, 135 S. Ct.

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

501 (2014), *reh'g denied*, No. 146669, 2015 WL 133613 (U.S. Jan. 12, 2015); *United States v. Montes*, 570 Fed. App'x 830 (10th Cir. 2014) (declining to issue a certificate of appealability because "the *Descamps* decision did not recognize a new right"). As a consequence, Conguisti qualifies for no limitation under Section 2255(f)(3).

Lastly, Conguisti's specific claim — that a conviction under Florida Statute §893.13(1)(a) does not qualify as a "controlled substance offense" under the sentencing guidelines — lacks merits. In addition to rejecting the applicability of *Descamps*, *United States v. Burton*, 564 Fed. App'x 1017, 1019-20 (11th Cir. 2014), rejects Conguisti's specific claim:

> A violation of Florida Statutes § 893.13(1)(a) falls squarely within U.S.S.G. § 4B1.2(b)'s definition of a "controlled substance offense."
>
> . . . .
>
> [T]he plain language of § 4B1.2(b) does not require knowledge of the substance's illicit nature for an offense to be a controlled substance offense. *See* U.S.S.G. § 4B1.2(b) (requiring only that the state law "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance").

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred. The clerk must close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Conguisti is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue

a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Conguisti must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because his motion is time-barred and he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Conguisti is not entitled to a certificate of appealability and he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Conguisti must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on February 5, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE