UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.  8:12-cr-313-T-23TGW
    8:14-cv-1507-T-23TGW

VINCENT ANTHONY CONGUISTI
_____/

**O R D E R**

    Conguisti moves to vacate under 28 U.S.C. § 2255 (Doc. 1) and challenges the validity of his conviction for one count of conspiracy both to distribute and to possess with the intent to distribute fifty grams or more of methamphetamine. An earlier order (Doc. 4) denies the motion to vacate because (1) Conguisti waived his right to challenge the calculation of his sentence, (2) Conguisti's motion to vacate is time-barred, and (3) *Descamps* is not afforded retroactive application. In response to that order Conguisti submits an amended motion to vacate with a supporting memorandum (Doc. 6 and 7) and asserts entitlement to equitable tolling of the limitation. (Doc. 9)[1]

    In his "Motion for Equitable Tolling," which is construed as a motion for relief from a judgment or order under Rule 60(b), Federal Rules of Civil Procedure, Conguisti asserts his "diminished capacity" entitles him to equitable tolling of the

---

[1] Subsequently Conguisti filed a "Citation of Supplemental Authority," in which he cites two recent opinions from the Fifth Circuit Court of Appeals. (Doc. 10)

limitation. The earlier order explains why, even if he is afforded equitable tolling and even if his motion to vacate is considered timely, Conguisti is entitled to no relief, whether based on the waiver in the plea agreement or based on the merits. As a consequence, equitable tolling affords Conguisti no relief.

In his amended motion to vacate and supporting memorandum, Conguisti re-characterizes his claim as one of ineffective assistance of counsel. Conguisti challenges counsel's alleged failure to object to the application of the sentencing guidelines. This re-characterization gains Conguisti no benefit because, as *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.), *cert. denied*, 546 U.S. 902 (2005), explains, a defendant who waives his right to challenge the application of the guidelines cannot circumvent the waiver under the guise of ineffective assistance of counsel:

> [A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. [A] contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless.

*See also United States v. Wilson*, 445 Fed. App'x 203, 208–09 (11th Cir. 2011)[2] (enforcing the appeal waiver in a plea agreement and applying *Wilson* to dismiss the appeal of a claim of ineffective assistance of counsel at sentencing).

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36–2.

- 2 -

The two cases that Conguisti cites as supplemental authority are inapplicable because each involves a direct-appeal challenge to the application of the guidelines and neither involves an appeal waiver. Moreover, the Eleventh Circuit's cases, not the Fifth Circuit's cases, bind this district court.

Accordingly, the "Motion for Equitable Tolling" (Doc. 9), which is construed as a motion for relief from a judgment or order under Rule 60(b), Federal Rules of Civil Procedure, is **DENIED**. The amended motion to vacate (Doc. 6) is **DISMISSED**.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Conguisti is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Conguisti must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Conguisti is not

entitled to a certificate of appealability and he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Conguisti must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on July 28, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE